# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1585 | **DATE** | September 18, 2002 |
| **CASE TITLE** | *In re Krumhorn* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] The government's motion to clarify [16-1] or, alternatively, to lift any stay of enforcement of the judgment pending appeal [16-2] is GRANTED. The order of the bankruptcy court granting a stay of enforcement of its judgment pending appeal is REVERSED. This means that the IRS is free to seek enforcement of the bankruptcy court's judgment during Krumhorn's merits appeal, currently pending before the Seventh Circuit as Case No. 01-3763. Enter Memorandum and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | Document Number |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 23 2002 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| RTS | courtroom deputy's initials | Date/time received in central Clerk's Office | date mailed notice | |
| | | | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) <br> ) <br> Morris D. Krumhorn, ) <br> Debtor, ) <br> ------------------------------------------------------) <br> Morris D. Krumhorn, ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> United States of America, ) <br> Defendant. ) | 00 C 1585 <br><br> Appeal from Bankruptcy <br> Adversary Proceeding Judgment <br> in Case No. 98 A 1450 <br><br><br> **DOCKETED** <br><br> SEP 2 3 2002 |

## MEMORANDUM AND ORDER

This case was originally before the court on appeal from an order of Judge Barliant of the United States Bankruptcy Court for the Northern District of Illinois. The court affirmed the judgment of the bankruptcy court, concluding that: (1) Morris D. Krumhorn owed taxes to the Internal Revenue Service (the "IRS") for the tax years of 1978, 1981, and 1982; and (2) Krumhorn's tax debts to the IRS were excepted from any discharge granted under 11 U.S.C. § 727. *See In re Krumhorn*, No. 00 C 1221, 2001 WL 1155258 (N.D. Ill. Sept. 28, 2001).

The government subsequently filed a motion to clarify or, alternatively, to lift any stay of enforcement of the judgment pending appeal because the court's prior opinion did not address the government's cross-appeal, which raised the stay issue. For the following reasons, the motion to clarify is granted, and the motion to lift any stay of enforcement of the judgment is granted. The stay order of the bankruptcy court is hereby reversed. This means that the IRS is free to seek enforcement of the bankruptcy court's judgment during Krumhorn's merits appeal, currently pending before the Seventh Circuit as Case No. 01-3763.

I.  **Background**

The facts of this case were set forth in detail in the court's earlier opinion. *See In re Krumhorn*, No. 00 C 1221, 2001 WL 1155258 (N.D. Ill. Sept. 28, 2001). For purposes of this order, familiarity with this order is presumed, so the court will only briefly recap the relevant facts.

In 1997, after two unsuccessful challenges before the United States Tax Court, Krumhorn faced deficiency notices from the IRS totaling over $24 million. The deficiencies related to disallowed loss deductions from commodities transactions in 1978 that affected his tax returns for that year, and for the years 1981 through 1985. On May 8, 1998, Krumhorn filed a bankruptcy petition under Chapter 7 of the Bankruptcy Code. On August 27, 1998, the bankruptcy court issued an order discharging all of Krumhorn's dischargeable debts.

On September 2, 1998, Krumhorn filed an adversary proceeding in the bankruptcy court to determine the dischargeablility of his tax liabilities for the years 1978, 1981, and 1982. After a trial on Krumhorn's adversary complaint, the bankruptcy court found that Krumhorn's tax liabilities were excepted from discharge. The bankruptcy court also concluded that Krumhorn was collaterally estopped from contesting the discharge issue because the tax court had already determined that he willfully attempted to evade or defeat his tax obligations.[1]

In response, Krumhorn filed a motion to alter or amend the judgment and to stay the court's order pending appeal. The bankruptcy court held a hearing on Krumhorn's motion and,

---

[1] A debtor's willful attempt to evade or defeat his tax obligations renders his tax debts nondischargeable under Section 523(a)(1)(C) of the Bankruptcy Code.

on January 24, 2000, entered a minute order staying enforcement of its judgment until the completion of the appeals process. The government appeals from that order.

**II.     Discussion**

As noted above, the bankruptcy court stayed enforcement of its order finding that Krumhorn's tax liabilities for the years 1978, 1981, and 1982 were excepted from discharge under 11 U.S.C. § 523(a)(1)(C) pending Krumhorn's appeal of that judgment. The government contends that the bankruptcy court lacked jurisdiction to stay enforcement of the judgment because such a stay amounts to a restraint on the collection of federal income tax and thus violates the Anti-Injunction Act, 26 U.S.C. § 7421(a). Alternatively, it asserts that, even if the bankruptcy court had the power to stay enforcement, it should have required Krumhorn to post a bond to protect its interests. In response, Krumhorn argues that the Anti-Injunction Act does not apply to the stay granted by the bankruptcy court. He further contends that to the extent the statute does apply, the government waived this issue by failing to raise it in the bankruptcy court.

**A.     Jurisdiction**

Proceedings relating to the enforcement of judgments are generally viewed as collateral and hence may be resolved by the district court even when a merits appeal is pending. *See Peacock v. Thomas*, 516 U.S. 349, 350 (1996) (holding that a federal court has the authority to exercise supplementary jurisdiction to protect and enforce its judgments); *see also Hasham v. California State Bd. of Equalization*, No. 96 C 3326, 1998 WL 887083 *1 (N.D. Ill. Dec. 11, 1998) (recognizing that the pendency of an appeal does not divest the district court of jurisdiction to consider other issues collateral to the appeal). Otherwise "[t]he judicial power would be

incomplete, and entirely inadequate to the purposes for which it was intended." *Bank of United States v. Halstead*, 23 U.S. 51, 53 (1825).

Alternatively, even if the stay issue is inextricably intertwined with the merits, jurisdiction is still proper. In that instance, Krumhorn's merits appeal would not have shifted jurisdiction to the appellate court because the appealed from order did not address all claims as to all parties. *See. e.g., United States v. Ettrick Wood Prods., Inc.*, 916 F.2d 1211, 1216-17 (7th Cir. 1990) (discussing finality of decisions disposing of fewer than all claims against all parties). Accordingly, the court will consider the merits of the stay issue.

### B. Standard of Review

On an appeal from the bankruptcy court, the district court "may affirm, modify, or reverse a bankruptcy court's judgment, order, or decree, or remand with instructions for further proceedings." Fed. R. Bankr. P. 8013. In reviewing the decision of a bankruptcy court, the district court is constrained to accept the bankruptcy court's findings of fact unless they are clearly erroneous. *In the Matter of Salzer*, 52 F.3d 708, 711 (7th Cir. 1995); *In the Matter of Excalibur Auto. Corp.*, 859 F.2d 454, 457 n. 3 (7th Cir. 1988). However, there is no presumption of correctness as to the bankruptcy court's conclusions of law and, accordingly, the court reviews the issues of law in this case de novo. *In the Matter of Salzer*, 52 F.3d at 711; *see also Telesphere Liquidating Trust v. Galesi*, 246 B.R. 315, 317 (N.D. Ill. Mar. 16, 2000).

### C. The Anti-Injunction Act

The United States contends that the Anti-Injunction Act deprived the bankruptcy court of subject matter jurisdiction to issue the stay pending appeal. Krumhorn appears to be implicitly arguing that the government waived this argument by failing to present it to the bankruptcy court.

Federal courts always have jurisdiction to determine their jurisdiction, *Flores-Leon v. I.N.S*, 272 F.3d 433, 437 (7th Cir. 2001), and a party cannot waive subject matter jurisdiction, *Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d 379, 381 (7th Cir.2001). Thus, the court must consider the applicability of the Anti-Injunction Act.

As a preliminary matter, the court notes that the government did not present its Anti-Injunction Act argument to the bankruptcy court. Generally, Bankruptcy Rule 8005 states that a motion for a stay of a judgment, order, or decree of the bankruptcy court must be made in the first instance in the bankruptcy court. Fed. R. Bankr. P. 8005. Nevertheless, the government may seek to modify or terminate the bankruptcy court's stay if it shows why it did not seek this relief from the bankruptcy court in the first instance. *Id.*

District courts and bankruptcy appellate panels have dismissed appeals from bankruptcy court orders based on an unexplained failure to apply first to the bankruptcy court. *See, e.g., In re Zahn Farms*, 206 B.R. 643, 644 (2d Cir. BAP 1997); *In re Duncan*, 107 B.R. 758, 759 (W.D. Okla. Dec. 9, 1988); *In re Wymer*, 5 B.R. 802, 807-8 (9th Cir. BAP 1980). As noted above, however, a challenge to the bankruptcy court's subject matter jurisdiction is proper at any time. *See Weaver v. Hollywood Casino-Aurora, Inc.*, 255 F.3d at 381; *see also Autuori v. Amann*, No. 96 C 182, 1998 WL 704206 *3 (N.D. Ill. Sept. 30, 1998) (noting that failure to challenge jurisdiction in the bankruptcy court does not waive the argument on appeal because "subject matter jurisdiction ... cannot be waived").

Here, the government concedes that it failed to request relief from the stay in the bankruptcy court but contends that it was not required to do so because the bankruptcy court lacked jurisdiction to enter the stay order in the first place. The basis of the government's

argument is that the Anti-Injunction Act precluded the bankruptcy court from providing any injunctive relief. Thus, the initial question the court must resolve is whether the Anti-Injunction Act raises a question of subject matter jurisdiction. If it does not, the government has waived its right to raise the argument for the first time on appeal; if it does, the court may reach the merits of the government's argument.

The Anti-Injunction Act provides that, with certain limited exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a). The Anti-Injunction Act withdraws jurisdiction from state and federal courts to hear suits requesting injunctions prohibiting the collection of federal taxes. *See, e.g., Enochs v. Williams Packing Navigation Co.*, 370 U.S. 1, 5 (1962) (holding that "[t]he object of § 7421(a) is to withdraw jurisdiction from the...courts to entertain suits seeking injunctions prohibiting the collection of federal taxes"); *see also In the Matter of LaSalle Rolling Mills, Inc.*, 832 F.2d 390, 392 (7th Cir. 1987) (recognizing that "the Anti-Injunction statute itself withdraws jurisdiction").[2] Thus, it presents a subject matter jurisdiction issue which cannot be waived. Accordingly, the court will turn to the merits of the government's argument.

The Anti-Injunction Act prohibits suits in any court "for the purpose of restraining the assessment or collection of any tax." 26 U.S.C. § 7421(a). The purpose of the statute is to

---

[2] The doctrine enunciated in *Enochs v. Williams Packing & Navigation Co.* was partially modified by a subsequent Supreme Court case addressing the Anti-Injunction Act. *See South Carolina v. Regan*, 465 U.S. 367, 367-8 (1984). *South Carolina v. Regan* is discussed infra, and any modification of the rule in *Enochs* is irrelevant for the purposes of this opinion. *See In re Dore & Associates Contracting, Inc.*, 45 B.R. 758 760-62 (Bankr. E.D. Mich. 1985) (discussing the interplay of *Enochs* and *Regan*).

protect "the Government's need to assess and collect taxes as expeditiously as possible with a minimum of preenforcement judicial interference, and to require that the legal right to the disputed sums be determined in a suit for refund." *Bob Jones Univ. v. Simon*, 416 U.S. 725, 736 (1974), *overruled on other grounds, South Carolina v. Regan*, 465 U.S. at 379; ; *see also Enochs v. Williams Packing Navigation Co.*, 370 U.S. at 7. While the Act's language is broad, there are several exceptions to the basic rule that the disputes over taxes must be determined in a refund suit. 26 U.S.C. § 7421(a). Unfortunately for Krumhorn, orders by the bankruptcy court to stay the enforcement of its judgments pending appeal are not among them.[3] *See In the Matter of LaSalle Rolling Mills, Inc.*, 832 F.2d at 392.

---

[3] Also unfortunate for Krumhorn is his apparent confusion as to the relief sought in the bankruptcy court. Krumhorn argues that the stay granted by Judge Barliant was a reinstatement of the automatic stay, pursuant to Section 362 of the Bankruptcy Code, which came into existence when Krumhorn filed his petition in that court. Krumhorn then focuses the better part of his brief on the differences between an automatic stay and other types of injunctions against governmental action. Not only is his argument confusing, it is plainly incorrect. Krumhorn's own motion seeking the stay of enforcement from the bankruptcy court cites Bankruptcy Rule 8005 as the basis for relief. Furthermore, the automatic stay under § 362 had been lifted when the bankruptcy court entered judgment in the adversary proceeding, nearly eighteen months prior to Krumhorn's motion. The request for a discretionary stay under Rule 8005 is not the same as a request for reinstatement of an automatic stay. In any event, Krumhorn's attempt at distinguishing an automatic stay is unpersuasive. The court sees no meaningful distinction between an automatic stay and a discretionary stay that would warrant different treatment under the Anti-Injunction Act. To hold that the Anti-Injunction Act prohibits a court from enjoining the IRS from collecting taxes pursuant to a discretionary stay, but does not prevent it from enjoining taxes pursuant to an automatic stay would promote neither the policies of the Anti-Injunction Act nor those of the Bankruptcy Code. *See In the Matter of Universal Life Church*, 191 B.R. 433, 439-40 (E.D. Cal. Nov. 6, 1995) (recognizing the extensive scope of the Anti-Injunction Act), *affirmed in part and dismissed in part by* 128 F.3d 1294 (9th Cir. 1997). As discussed above, the underlying policy of the Anti-Injunction Act is to ensure the government's ability to assess and collect taxes without judicial intervention. *See Bob Jones Univ. v. Simon*, 416 U.S. at 736; *see also Enochs v. Williams Packing Navigation Co.*, 370 U.S. at 7. This policy applies regardless of the form of the injunction.

Congress has not chosen to include bankruptcy court adjudications within the list of exceptions provided for in Section 7421(a). Although the Bankruptcy Code has been amended several times since its original enactment in 1954, there is no specific provision in the Code indicating that Congress intended to supercede the Anti-Injunction Act. *Id.* at 394. The only possible section provides that the bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the [Bankruptcy Code]." 11 U.S.C. § 105(a). The Third Circuit has held that using this section to create a judicially fashioned bankruptcy court exception to the Anti-Injunction Act would contravene clear congressional intent, *In the Matter of Becker's Motor Trans. Inc.*, 632 F.2d 242, 246 (3d Cir. 1980). This court sees no convincing reason to disagree.

In addition to the statutory exceptions to the Anti-Injunction Act, the Supreme Court has adopted two narrow judicial exceptions under which injunctive relief from the assessment or collection of taxes is allowed. Krumhorn does not contend that either exception applies, as his argument is limited to a claim that no exception applies since the statute itself does not apply. The court will nevertheless address the exceptions in the interests of completeness.

The first exception was articulated in *Enochs v. Williams Packing Navigation Co.*, 370 U.S. at 7. Under this exception, an injunction may be obtained against the collection of tax if: (1) it is "clear that under no circumstances could the Government ultimately prevail," and (2) equity jurisdiction otherwise exists to avoid irreparable injury. *Id.*; *see also In the Matter of LaSalle Rolling Mills, Inc.*, 832 F.2d at 393.

The question of whether the government can ultimately prevail is factual. A suit seeking an injunction may only proceed where it is apparent, upon a review of the information available

at the time of the suit, that the United States cannot establish its claim. *Enochs v. Williams Packing Navigation Co.*, 370 U.S. at 7 (concluding that the "most liberal view of the law and facts" should be taken, requiring no more than good faith on the part of the government). Here, Krumhorn cannot establish that the United States could not prevail on the merits of the adversary claim, as the United States has already prevailed in proceedings in two separate courts. Specifically, after exhaustive litigation, the Tax Court conclusively found that Krumhorn was liable for the amount of taxes determined by the IRS. Furthermore, the Bankruptcy Court ruled that the tax liabilities are excepted from discharge, and found that Krumhorn willfully evaded his tax obligations.

Krumhorn also cannot establish that "equity jurisdiction" exists because he has failed to establish that he would suffer irreparable harm if the United States began to collect the tax liabilities due. This is because he failed to supply the transcript of the bankruptcy court hearing granting his motion for a stay (a likely place for the discussion of irreparable harm) and no other evidence on this issue is readily apparent in the record. It is well settled that a district court, sitting as an appellate court, is subject to the ordinary limitations on appellate tribunals. *See, e.g., Standard Foundry Prod., Inc. v. State Bank of Pekin*, No. 96 C 7230, 1998 WL 729586 *2 (N.D. Ill. Oct. 15, 1998). It is not the court's duty to comb the record or search beyond it to seek support for an exception to the Anti-Injunction Act, especially where Krumhorn has not even attempted to make the argument in the first place. *See United States v. Dweck*, 913 F.2d 365, 372 (7th Cir. 1990). The court thus turns to the second exception to the Anti-Injunction Act.

The Supreme Court developed this exception in *South Carolina v. Regan*, 465 U.S. at 367-8. In that case, the plaintiff challenged the constitutionality of the Tax Equity and Fiscal

Responsibility Act of 1982. The defendant argued that the Anti-Injunction Act barred the plaintiff's suit since it was one to restrain the assessment and collection of taxes. The Court acknowledged the inequity of barring the plaintiff's suit when Congress had not provided the plaintiff with an alternative remedy to challenge the constitutionality of the statute. *Id.* As a result, the Court created a new exception to the Anti-Injunction Act to cover situations where a taxpayer has no alternative remedy to challenge the tax determination. *Id.* (holding that Congress did not intend the Anti-Injunction Act to apply "to actions brought by aggrieved parties...for whom [it] has not provided an alternative forum in which to litigate their claims").

This exception is clearly not applicable here. Krumhorn has already litigated his claim in two separate courts. Moreover, he remains entitled to file a suit for refund if the bankruptcy court's decision is ultimately reversed on appeal. *See* I.R.C. § 7422; *see also In the Matter of LaSalle Rolling Mills, Inc.*, 832 F.2d 390, 393 (7th Cir. 1987). Although Krumhorn may well prefer a stay pending the resolution of the appeals process, as opposed to being dunned by the IRS now, it is not necessary that the alternative "avenues of review are the best that can be devised." *See Bob Jones Univ. v. Simon*, 416 U.S. 725, 747 (1974); *Wells v. United States*, 98 B.R. 806, 809 n.10 (N.D. Ill. Mar. 13, 1989). The exception in *South Carolina v. Regan* is, therefore, inapplicable.

Based on the above, the court finds that Krumhorn fails to meet any of the exceptions to the Anti-Injunction Act. It also finds that the Anti-Injunction Act proscribes the injunctive relief provided by the bankruptcy court. Because the court is lifting the stay, there is no need to address the government's alternative argument that Krumhorn should have been required to post a bond.

## III. Conclusion

For the reasons specified above, the order of the bankruptcy court granting a stay of enforcement of its judgment pending appeal is REVERSED.

DATE:

**SEP 1 9 2002**

Blanche M. Manning
United States District Judge

00cv1585.bankruptcyappeal

-11-